IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL GORRIO,** : | |
| Petitioner : | |
| : | No. 1:24-cv-02185 |
| v. : | |
| : | (Judge Kane) |
| **SUPERINTENDENT MARK** : | |
| **BROTHERS, et al.,** : | |
| Respondents : | |

# MEMORANDUM

Before the Court are pro se Petitioner's application for leave to proceed in forma pauperis, petition for a writ of habeas corpus under 28 U.S.C. § 2254, and three (3) motions/petitions relating to the habeas petition. For the reasons set forth below, the Court will grant Petitioner leave to proceed in forma pauperis, dismiss the Section 2254 petition without prejudice to Petitioner refiling it once he exhausts his state-court remedies, deny as moot his other motions and petitions, and decline to issue a certificate of appealability.

I.    BACKGROUND

On August 17, 2021, Gorrio was charged with two (2) counts of robbery, one count for inflicting bodily harm (18 Pa. C.S. § 3701(a)(1)(i)) and the other for threatening bodily harm (18 Pa. C.S. § 3701(a)(1)(iv)), arising out of "an incident at a Boscov's department store where two loss prevention officers attempted to detain him for retail theft." See Commonwealth v. Gorrio, No. 807 MDA 2022, 2023 WL 8111852, at *1 (Pa. Super. Ct. Nov. 22, 2023). Approximately two (2) weeks before jury selection was scheduled in the matter, the Commonwealth moved to amend the charges to add a count of retail theft (18 Pa. C.S. § 3929(a)). See id. On May 11, 2022, a hearing was held on, inter alia, the motion to amend, in the Court of Common Pleas of Dauphin County. See id. Although Gorrio, who was representing himself at the time, opposed

the motion to amend, the trial court granted it and allowed the Commonwealth to add the charge of retail theft to the criminal information. See id. Additionally, the trial court colloquied Gorrio on his decision to proceed pro se. See id. Based on Gorrio's responses to the colloquy, the trial court permitted him to continue to represent himself. See id.

On May 19, 2022, after a two (2)-day jury trial during which Gorrio represented himself along with standby counsel, the jury found Gorrio guilty of all charges. See id.; (Doc. No. 1-1 at 2). On the same date, the trial court sentenced Gorrio to an aggregate sentence of state incarceration for a minimum of two-and-a-half (2 ½) years to a maximum of ten (10) years. See (Doc. No. 1-1 at 2); Commonwealth v. Gorrio, No. CP-22-CR-0003755-2021 (Dauphin County Ct. Com. Pl. filed Sept. 7, 2021) ("CCP Docket").[1] Gorrio then filed a timely notice of appeal from his judgment of sentence to the Superior Court on May 27, 2022. See Gorrio, 2023 WL 8111852, at *1; CCP Docket.

On appeal, Gorrio raised one (1) issue for the Superior Court's review, namely, that the trial court abused its discretion in permitting the Commonwealth to add the retail theft charge without providing him with a continuance or other relief. See Gorrio, 2023 WL 8111852, at *2.[2]

---

[1] Gorrio's sentence is stated differently in the Pennsylvania Superior Court's decision addressing his direct appeal than in Gorrio's habeas petition and the docket sheet available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us). Compare Gorrio, 2023 WL 8111852, at *1 ("The trial court sentenced Gorrio to concurrent terms of two and one-half to ten years' imprisonment for each robbery count, followed by one and one-half to three years' imprisonment for retail theft." (emphasis added)), with (Doc. No. 1-1 at 2 (indicating length of sentence was "2 ½ – 10 yr, state sentence")), CCP Docket (indicating all sentences were to run concurrently).

[2] While Gorrio's appeal was pending, the Superior Court directed the trial court to hold a hearing to determine whether he was entitled to court-appointed appellate counsel. See Gorrio, 2023 WL 8111852, at *1. The trial court held this hearing and appointed appellate counsel for Gorrio. See id. In the interim, Gorrio had filed a concise statement of matters complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), in which he asserted that the trial court erred by "(1) allowing the Commonwealth to amend the information,

Gorrio's counsel also sought to have the Superior Court remand the case to allow Gorrio to raise an additional claim about the validity of his waiver of counsel colloquy. See id. However, the Superior Court denied counsel's request. See id. Despite this denial, Gorrio's counsel included a claim about the validity of Gorrio's waiver of counsel in Gorrio's appellate brief. See id.

The Superior Court issued an unpublished opinion affirming Gorrio's judgment of sentence on November 22, 2023. See id. at *5. In doing so, the Superior Court determined that Gorrio had waived any claim relating to the validity of his waiver of counsel by failing to include it in his counseled Rule 1925(b) concise statement. See id. at *3. The Superior Court also concluded that the trial court did not commit an abuse of discretion by allowing the Commonwealth to add the retail theft charge prior to trial. See id. at *3–5.

Gorrio did not challenge the Superior Court's decision by filing a petition for allowance of appeal with the Pennsylvania Supreme Court. See (Doc. No. 1-1 at 8). Instead, he filed a petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA") on February 9, 2024. See (id.); CCP Docket. In his PCRA petition, Gorrio raised claims of ineffective assistance of counsel and a challenge to the validity of his waiver of counsel. See (Doc. No. 1-6 at 1). The PCRA court appointed counsel to represent Gorrio, and PCRA counsel filed a supplemental PCRA petition on March 29, 2024. See CCP Docket. The Commonwealth filed a response to the PCRA petition on August 28, 2024. See id.

---

(2) denying [his] motion to quash the jury box for racial discrimination, and (3) issuing an illegal sentence." See id. Because Gorrio now had appellate counsel, the Superior Court remanded the case to the trial court so that counsel could file a new Rule 1925(b) concise statement, and the trial court could file a Rule 1925(a) opinion in response to the new concise statement. See id.

3

The PCRA court issued a notice of intent to dismiss Gorrio's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on September 27, 2024. See id. Gorrio filed a response to the notice on October 8, 2024. See id. To date, Gorrio's PCRA petition remains pending. See id.

Even though Gorrio's PCRA petition remains unresolved in the Court of Common Pleas, he filed the instant Section 2254 habeas petition in the United States District Court for the Western District of Pennsylvania on November 21, 2024. (Doc. No. 1.)[3] Along with his habeas petition, Gorrio filed (1) an application for leave to proceed in forma pauperis (Doc. No. 2); (2) a certified prisoner trust fund account statement (Doc. No. 3); (3) a "Petition Demanding Showing of Cause in the Execution or Return of Writ of Habeas Corpus Ad Subjiciendum Et Recipiendum" (Doc. No. 1-7 at 3–4); (4) a "Nunc Pro Tunc Motion to Supplement, Amend, and/or Modify Petitioner's Petition for Writ of Habeas Corpus to Comply with Local Court Rule 2254(B)(1), the Petition, Title" (id. at 5–7); and (5) a "Motion to [sic] Self-Representation and Waiver of Counsel to Proceed Forthwith" (id. at 8–9). In his habeas petition, Gorrio appears to raise claims regarding a deficient waiver of counsel hearing and the added retail theft charge. See (Doc. No. 1-2 at 4–5).

On December 10, 2024, the Western District issued a Memorandum Order transferring Gorrio's habeas petition to this Court. See (Doc. No. 1). The Clerk of Court docketed the Memorandum Order and all documents filed in the Western District on December 18, 2024.

---

[3] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, Gorrio includes a declaration indicating that he placed his habeas petition in the prison mailing system on November 21, 2024. (Doc. No. 1-1 at 13.) As such, the Court uses November 21, 2024, as the petition's filing date.

II.   DISCUSSION

    A.   The IFP Application

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." See id. This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished) (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct., Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and provide themselves with the necessities of life. See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his

poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

Here, after reviewing the IFP Application and certified prison trust fund account statement, it appears that Gorrio is unable to pay the costs of this habeas action. Therefore, the Court will grant him leave to proceed in forma pauperis.

### B.  Screening of the Habeas Petition

The Court has screened this Section 2254 habeas matter pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, it plainly appears that Gorrio's habeas petition should be dismissed without prejudice because one of his claims is unexhausted. See R. 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

#### 1.  Legal Standard – Exhaustion of State Court Remedies

A Section 2254 habeas petitioner must first exhaust any state court remedies before filing a habeas petition in federal court: "It is axiomatic that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (Lambert I) (citation omitted); see also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that

render such process ineffective to protect the rights of the applicant."). A federal court may consider a habeas petition only after the petitioner "'fairly present[s' their] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365–66 (1995)). In other words, to fully exhaust their state remedies, a habeas petitioner must invoke "one complete round of the state's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

In Pennsylvania, "one complete round" includes presenting the federal claim through the Superior Court on direct or collateral review. See Lambert v. Blackwell, 387 F.3d 210, 233–34 (3d Cir. 2004). The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993) ("The habeas petitioner bears the burden of proving that he has exhausted available state remedies." (citations omitted)). If a petitioner has failed to exhaust their habeas claims by failing to "fairly present" them to the state courts, the district court ordinarily must dismiss the petition without prejudice to the petitioner returning to state court to exhaust their remedies. See Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) ("Under the doctrine of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), federal courts must dismiss without prejudice habeas petitions that contain any unexhausted claims."); see also Gerber v. Varano, 512 F. App'x 131, 135 (3d Cir. 2013)

7

(unpublished) (indicating that "[s]tay and abey is available even when a petitioner has exhausted none of the claims in [their] petition").[4]

Habeas petitioners are required to exhaust state remedies because exhaustion "addresses federalism and comity concerns by afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." See Lambert I, 134 F.3d at 513 n.18 (citation and internal quotation marks omitted). Therefore, although the exhaustion requirement is a comity concern and not a jurisdictional concern, it "should be strictly adhered to because it expresses respect for our dual judicial system." See Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (citation omitted). In addition, "[e]qually as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." See Rose, 455 U.S. at 519.

2.     Analysis

After reviewing Gorrio's habeas petition, it appears to contain at least one (1) unexhausted claim, namely, his claim that his waiver of counsel colloquy was defective. Because the petition contains at least one (1) unexhausted claim, the Court may dismiss the petition without prejudice to Gorrio refiling the petition after he exhausts the claim in the state courts. See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). However, because the petition appears to be a mixed petition insofar as it contains exhausted and unexhausted claims, the Court may also stay the petition "rather than dismiss, holding the petition in abeyance while

---

[4] If, however, the petitioner may no longer seek relief on their claims in state court because of a state's procedural rules, the claims are procedurally defaulted. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

the petitioner seeks exhaustion of any unexhausted claims in state court." See Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009) (citing Rhines v. Weber, 544 U.S. 269, 275 (2005)).

Even though district courts may stay and abey a habeas petition, the Supreme Court has cautioned against liberal use of the stay and abey procedure because:

> [s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

See Rhines, 544 U.S. at 277. Thus, to justify a stay, a petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics. See Heleva, 581 F.3d at 190, 192 (citing Rhines, 544 U.S. at 278). In addition, "while it usually is within a district court's discretion to determine whether to stay or dismiss a mixed petition, staying the petition is the only appropriate course of action where an outright dismissal could jeopardize the timeliness of a collateral attack." See Crews v. Horn, 360 F.3d 146, 152 (3d Cir. 2004) (citations and internal quotation marks omitted). As such, "[a] key pre-requisite to the granting of a stay under the standard of Rhines is that there be a real danger the petitioner would, after dismissal without prejudice of the federal habeas action, be time-barred upon his return to federal court after the state proceedings are no longer pending." See Osburne v. Kerestes, No. 15-cv-6493, 2016 WL 2954162, at *4 (E.D. Pa. Mar. 31, 2016), report and recommendation adopted sub nom., Osbourne v. Kerestes, 2016 WL 2939520 (E.D. Pa. May 19, 2016).

In this case, there is no plausible reason for this Court to stay the instant petition while Gorrio exhausts his state-court remedies because there is no good cause for the failure to exhaust, and he appears to not be in danger of being time-barred upon his return to federal court once his

9

state-court proceedings have concluded. As for the possible time bar, AEDPA provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). When calculating the commencement of the statute of limitations for purposes of subsection (A), the Court must determine when Gorrio's judgment of sentence became final.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) and citing Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, Gorrio's judgment of sentence became final on December 22, 2023, when he did not seek discretionary review by the Pennsylvania Supreme Court by filing a petition for allowance of appeal within thirty (30) days after the Superior Court affirmed his judgment of sentence. See Pa. R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). Therefore, AEDPA's one-year statute of limitations began to run on December 23, 2023, and Gorrio had one (1) year from that date to file a Section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2). A "properly filed

10

application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. See Merritt v. Blaine, 326 F.3d 157, 165–66 (3d Cir. 2003).

As indicated above, Gorrio appears to have timely filed a PCRA petition in the Court of Common Pleas on or about February 9, 2024. As such, he is entitled to statutory tolling while he pursues that PCRA petition through the state courts. Prior to the beginning of this statutory tolling period, forty-nine (49) days of the one (1)-year habeas limitations period passed. Therefore, once the Court of Common Pleas resolves Gorrio's PCRA petition and the Pennsylvania appellate courts resolve any appeals from the PCRA court's decision, Gorrio would still have 316 days to file a Section 2254 petition. Therefore, dismissing without prejudice, rather than staying this action, would not affect Gorrio's right to refile a Section 2254 habeas petition asserting any claim preserved in the PCRA proceedings, including those appellate proceedings. See Hicks v. Wetzel, No. 17-cv-01969, 2019 WL 1204900, at *3 (M.D. Pa. Mar. 14, 2019) ("In sum, because there is no real danger that refusing to grant a stay of these federal proceedings will result in his federal claims becoming time barred, the Court will deny petitioner's motion to stay these federal habeas proceedings and dismiss the case without prejudice." (citations omitted)); see also Nguyen Vu v. Wetzel, No. 11-cv-03226, 2012 WL 1071188, at *2 (E.D. Pa. Mar. 30, 2012) ("At the time that his PCRA petition is no longer

11

pending, the one (1) year grace period will begin to run and Vu will have 111 days to file a timely § 2254 petition. If Vu acts with reasonable diligence after his PCRA proceedings conclude, there is little danger that federal review of Vu's claims will be foreclosed due to lack of timelines."); cf. Crews, 360 F.3d at 154 (explaining that thirty (30) days is "reasonable interval" after denial of relief in state court to return to federal court).

In addition to the lack of any danger that Gorrio would be time-barred upon his return to federal court after his state proceedings have concluded, there is no good cause for a stay in this case. Gorrio asserts that he can show good cause because the PCRA court refused to grant him an evidentiary hearing to develop his claims and "'the alleged state relief is nothing but a procedural morass offering no substantial hope of relief' through the complete deprivation of the right to a 'full and fair' 'fact' hearing." See (Doc. No. 1-2 at 5–6 (citing Marino v. Ragen, 332 U.S. 561 (1947)). These arguments are insufficient to establish good cause.

In the first instance, the PCRA court has not yet resolved Gorrio's PCRA petition. While the PCRA court has expressed its intent to dismiss Gorrio's PCRA petition without a hearing, it has not yet done so. Even if the PCRA court ultimately dismisses the petition without a hearing, Gorrio will have the opportunity to challenge this decision on appeal. Thus, the PCRA court's purported failure to hold an evidentiary hearing does not establish good cause for the failure to exhaust.

Gorrio's contention that the state process does not offer him substantial hope for relief is also unavailing. His contention is conclusory insofar as he has identified no facts showing that the state process is a "procedural morass" through which he has no hope of relief. Again, the PCRA court followed Pennsylvania Rule of Criminal Procedure 907 in issuing a notice of intent to dismiss Gorrio's petition without a hearing, to which Gorrio filed a response. It is possible

that the PCRA court could review this response and decide not to dismiss the PCRA petition. Moreover, even if the PCRA court dismisses the petition without a hearing, Gorrio still retains the option of challenging this decision on appeal. As such, Gorrio has failed to show good cause for his failure to fully exhaust his claim regarding his allegedly deficient waiver of counsel. Accordingly, the Court will dismiss without prejudice Gorrio's habeas petition rather than issue a stay pending the resolution of the state proceedings.

## III.   CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]" See 28 U.S.C. § 2253(c)(1)(A). A judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." See id. § 2253(c)(2). This showing requires a habeas petitioner to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement further." See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). In this case, the Court declines to issue a certificate of appealability as jurists of reason would not find it debatable whether the court should dismiss without prejudice this habeas petition because Gorrio has not fully exhausted his state court remedies.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant the IFP Application and dismiss Gorrio's Section 2254 habeas petition without prejudice to him refiling it once he fully exhausts his

available state court remedies.[5]  The Court will also deny as moot Gorrio's other motions and petitions and will not issue a certificate of appealability.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[5] This determination applies only to exhaustion of state remedies and not to any argument that any of Gorrio's claims are procedurally defaulted, such as any claims that should have been, but were not, raised as part of his direct appeal.